```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           OCALA DIVISION
```

RASHAUN SCOTT,

        Petitioner,

v.                               Case No: 5:11-cv-259-Oc-29PRL

WARDEN, FCC COLEMAN - USP I,

        Respondent.
_____/

## ORDER OF DISMISSAL

This case is before the Court upon review of Rashaun Scott's ("Petitioner's") habeas petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is an inmate currently confined at the Federal Correctional Complex in Coleman, Florida. He brings this action to challenge the 235 month sentence imposed by the United States District Court for the District of Massachusetts in his 2005 conviction for being a felon in possession of a firearm (D. Mass. Case No. 04-10303-RWZ).

Petitioner argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), because the government failed to prove that the three convictions used to enhance his sentence arose out of separate

and distinct criminal episodes (Doc. 1 at 3).[1]  Respondent asserts that this Court lacks jurisdiction to consider this petition (Doc. 5).  Petitioner filed a reply to the response (Doc. 6).

After consideration of the issues and the pleadings filed in this case, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

## I.   Background

On November 17, 2005, a jury found Petitioner guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Doc. 5-1 at 3, 8).  Petitioner filed a sentencing memorandum in which he argued for a downward departure from the sentencing guidelines range of 235-293 months, but did not contest his criminal history or his designation as an armed career criminal under the ACCA (Doc. 5-2).  On August 8, 2007, Petitioner was sentenced to serve 235 months in prison (Doc. 5-1 at 8).

Petitioner filed a direct appeal of his conviction in which he challenged the sufficiency of the evidence against him and claimed that the district court violated his right to a public

---

[1] Under 18 U.S.C. § 924(e)(1), a person who violates § 922(g) and has had three qualifying violent felonies or serious drug offenses, "committed on occasions different from one another," is subject to a minimum prison sentence of fifteen years. Id.  A conviction as a felon in possession of a firearm, without an enhancement, carries with it a statutory maximum of 10 years pursuant to 18 U.S.C. § 924(a)(2).

trial by excluding the public from the courtroom while the court instructed the jury. United States v. Scott, 564 F.3d 34 (1st Cir. 2009). Petitioner's conviction was confirmed. Id.

On March 29, 2010, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he argued that the sentencing court did not have the constitutional authority to decide the facts underlying its determination of his career offender status (Doc. 5-1 at 11). The § 2255 motion was denied. United States v. Scott, Case No. 04-10303-RWZ, 2010 WL 2559895 (D. Mass. June 18, 2010).

Petitioner filed the instant petition and a supporting memorandum on May 6, 2011 (Doc. 1). In the petition, he argues that he is permitted to seek relief under 28 U.S.C. § 2241 because the "savings clause" provision of 28 U.S.C. § 2255(e) allows him to do so when "the remedy under § 2255 is inadequate and ineffective." (Doc. 1 at 8). Respondent contends that Petitioner cannot bring this claim in a § 2241 petition because it is not based upon a retroactively Supreme Court decision and it was not foreclosed in the First or Eleventh Circuits at the time it should have been raised (Doc. 5 at 5).

**II. Analysis**

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his

sentence. Here, however, Petitioner challenges the validity of his sentence because he claims it was improperly enhanced. Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, because Petitioner's previous § 2255 motion was denied by the court which imposed his sentence, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a § 2241 motion may be filed, Petitioner asserts that he is allowed to file this motion under § 2241 because, in Bousley v. United States, 523 U.S. 614 (1998), the United States Supreme Court determined that a § 2241 petition may be used to challenge a petitioner's confinement when he is "actually innocent" of the underlying event.

Petitioner asserts that he is actually innocent of being an armed career criminal (Doc. 1 at 9-10).

> ### a. *The savings clause provision of 28 U.S.C. § 2255(e) has limited application to sentencing claims*

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). A recent Eleventh Circuit opinion discussing § 2255(e) clarifies that where, as here, a petitioner challenges only a "fundamental defect in sentencing," he must establish two necessary conditions before he may invoke § 2255(e)'s saving clause: (1) the claim must be based upon a retroactively applicable Supreme Court decision; and (2) the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. <u>Williams v. Warden, Federal Bureau of</u>

Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)(modifying the test set forth in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999)).[2] This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338.

---

[2] Both Petitioner and Respondent rely on Wofford v. Scott as providing the Eleventh Circuit's appropriate "savings clause" test.  In Wofford, the Eleventh Circuit interpreted the savings clause provision of § 2255(e) to mean that the clause applies to open a portal to § 2241 review when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d at 1244.
    In an *en banc* decision in 2011, however, the Eleventh Circuit explained that the three-pronged Wofford test was "only dicta," and clarified that the actual holding in Wofford was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011). The three-pronged Wofford test has not been overturned or rejected by the Eleventh Circuit in cases where a petitioner claims that he is actually innocent of the underlying crime for which he is currently imprisoned. Williams, 713 F.3d 1332 (11th Cir. 2013). Petitioner asserts that he is actually innocent of the Armed Career Criminal Act.  However, he does not assert that his is actually innocent of his federal convictions or his underlying predicate ACCA felonies.  Rather, he is asserting only *legal* innocence: that the district court should not have determined that his three prior convictions arose out of separate and distinct criminal episodes. Accordingly, Williams, not Wofford, provides the legal test under which to evaluate whether § 2255(e)'s savings clause opens a portal to § 2241 review of Petitioner's claims.

### b. Petitioner's 28 U.S.C. § 2255 motion was not inadequate or ineffective to test the legality of his conviction

Petitioner argues that his sentence was improperly enhanced pursuant to the ACCA because the government did not prove that the predicate felonies used for enhancement arose from separate and distinct criminal episodes (Doc. 1 at 3). Petitioner relies on Bousley v. United States, 523 U.S. 614 (1998) to support his contention that he is "actually innocent" of being an armed career criminal (Doc 1 at 9). Petitioner's reliance is misplaced. Bousley was decided almost twelve years prior to Plaintiff's 28 U.S.C. § 2255 motion, and there is no indication that First Circuit precedence would have foreclosed Petitioner from raising the instant claim at trial, on appeal, or in his first § 2255 motion. Williams, 713 F.3d at 1343. To the contrary, the First Circuit has expressly held that prior felony convictions must arise from distinct criminal episodes in order to count as separate convictions for purposes of sentence enhancement. See United States v. Martinez-Medina, 279 F.3d 105, 123 (1st Cir. 2002) ("Prior [convictions] will be counted separately for purposes of 21 U.S.C. § 841(b) only when they represent distinct criminal episodes.") (citing United States v. Gillies, 851 F.2d 492, 497 (1st Cir. 1988) (noting that the government would need to show that multiple felony convictions

would need to arise out of multiple criminal episodes to qualify as predicate felonies under the ACCA).

The Court can find no case in which a § 2255 motion was determined to be inadequate or ineffective to test the legality of a conviction when the petitioner had an earlier opportunity to present his claims. In Wofford, the Eleventh Circuit stated that all that is required is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. Wofford, 177 F.3d at 1244. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in an earlier § 2255 proceeding). Accordingly, Petitioner has not shown that his first § 2255 motion was inadequate or ineffective to raise the instant sentencing claim.

### III. Conclusion

Because Petitioner cannot show that his first 28 U.S.C. § 2255 motion was inadequate of ineffective to test the legality of his detention, the savings clause of § 2255(e) does not apply, this Court is without jurisdiction to consider

Petitioner's 28 U.S.C. § 2241 petition. Consequently, the petition must be dismissed.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Rashaun Scott is **DISMISSED** as an improper filing under § 2241.

2. The Clerk is directed to enter judgment against Scott, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___13th___ day of November, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4  11/08/13
Copies to:  All parties of record